

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>OCEANVIEW DEVELOPMENT, LLC,<br><br>Debtor and<br>Debtor-in-possession. | Case No. 23-00842<br>(Jointly Administered)<br>(Chapter 11)<br><br>Hearing<br>Date: October 4, 2024<br>Time: 9:30 a.m.<br>Judge: Hon. Robert J. Faris |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING SECOND MODIFIED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION DATED FEBRUARY 29, 2024**

The hearing on confirming ("Confirmation Hearing") the *First Modified Combined Plan of Reorganization and Disclosure Statement for Debtor's Plan of Reorganization Dated February 29, 2024* filed herein as docket #65 (as modified by the *Second Modified Combined Plan of Reorganization and Disclosure Statement for Debtor's Plan of Reorganization Dated February 29, 2024* filed

herein as docket # 79 and herein, the "Plan"),[1] by OCEANVIEW DEVELOPMENT, LLC, the debtor and debtor-in-possession (the "Debtor"), was held on October 4, 2024, at 9:30 a.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Hawaii ("Court").  Appearances were noted in the record.

The findings and conclusions set forth herein, together with the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The orders entered herein constitute the Court's judgment pursuant to Bankruptcy Rule 7054, made applicable to this proceeding by Bankruptcy Rule 9014.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

U.S. Bankruptcy Court - Hawaii   #23-00842   Dkt # 84   Filed  10/09/24   Page 2 of 22

## FINDINGS OF FACT

### Filing of Petition and Judicial Notice

1.     OCEANVIEW DEVELOPMENT, LLC, is the debtor and debtor-in-possession in Chapter 11 case no. 23-00842, which was commenced by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on October 18, 2023 ("Chapter 11 Case") in this Court.

2.     The Court takes judicial notice of the docket of the Debtor's Chapter 11 Case, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at hearings held before this Court during the pendency of the Chapter 11 Case.

3.     The Debtor owns approximately 48-acres of land which are divided into 6 separate land condominium units bearing Tax Map Key Nos. (1) 5-6-006-057:0003 through 0008 (inclusive) (collectively, the "Kahuku Property").

4.     As of the Petition Date, Amos Alexander ("Alexander") first mortgage against the Kahuku Property.

5.     As of the Petition Date, the Debtor was  a defendant in a foreclosure action pending in the Circuit Court for the First Circuit Court of the State of Hawaii (the "Circuit Court"), as Civil No. 1CCV-22-0001053, with respect to the Kahuku Property, commenced by Alexander.

6.     On November 20, 2023, the Office of the United States Trustee (the

"UST") filed a statement of inability to form an unsecured creditors committee. *See* dkt. # 19.

**Approval of Disclosure Statement, Transmittal of Solicitation Materials, and Good Faith Solicitation**

7.     On February 29, 2024, the Debtor filed its *Combined Plan of Reorganization and Disclosure Statement for Debtor's Plan of Reorganization Dated February 29, 2024* (the "Original Plan").

8.     On February 29, 2024, the Debtor also filed its *Ex Parte Motion For Entry Of An Order (1) Conditionally Approving Combined Plan Of Reorganization And Disclosure Statement For Debtor's Plan Of Reorganization Dated February 29, 2024; (2) And Scheduling A Combined Hearing On Final Approval Of The Disclosure Statement With Plan Confirmation And Setting Deadlines*. *See* dkt. # 36.

9.     On March 14, 2024, the Court entered an *Order Granting Preliminary Approval for Combined Plan of Reorganization and Disclosure Statement and Scheduling a Combined Disclosure Statement and Confirmation Hearing* ("Solicitation Order") that, among other things, (a) preliminarily approved the disclosures in the Original Plan, and (b) established procedures governing the Confirmation Hearing. *See* dkt. # 40.

10.    On April 5, 2024, the Court entered an Order Approving Stipulation Setting New Confirmation Hearing Date and Related Deadlines (the "April 2024

U.S. Bankruptcy Court - Hawaii   #23-00842   Dkt # 84   Filed  10/09/24   Page 4 of 22

Order") that, among other things, established June 17, 2024 as the date for the Confirmation Hearing.

11. In accordance with the Solicitation Order and April 2024 Order, the Debtor transmitted the following items to creditors and parties in interest: (a) the Original Plan, and (b) the notice of the Confirmation Hearing. All of said documents were transmitted to the appropriate parties on or before April 12, 2024. *See* dkt. # 51.

12. Service of the Original Plan and other solicitation matters was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

13. Based on the record before the Court in this Chapter 11 Case, the Debtor and her agents, representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

U.S. Bankruptcy Court - Hawaii   #23-00842   Dkt # 84   Filed 10/09/24   Page 5 of 22

## Objections to Plan, Modification of Plan, Tabulation

14. On June 3, 2024, the UST filed its *United States Trustee's Statement Regarding [the Plan]* (the "UST Objection #1"). *See* dkt. # 55.

15. On June 3, 2024, Alexander filed an *Objection to Confirmation of [the Original Plan]* (the "Alexander Objection #1"). *See* dkt. # 56.

16. On June 10, 2024, the Debtor filed its (1) *Confirmation Brief for the [Original Plan]*; (2) the *Declaration of Reuben Fung in Support of Plan Confirmation;* and (3) *the Declaration of Paul M. Javier In Support of Plan Confirmation*. *See* dkt. ## 57-59.

17. On June 17, 2024, the Court approved the disclosure statement contained in the "Original Plan", but denied confirmation of the Original Plan and continued the confirmation hearing to September 9, 2024. *See* dkt. #50.

18. On July 1, 2024, the Debtor filed its *First Modified Combined Plan of Reorganization and Disclosure Statement for Debtor's Plan of Reorganization Dated February 29, 2024* (the "First Amended Plan"), which was served by email through the Court's ECF noticing system on counsel for Alexander, the UST, and all parties-in-interest that appeared in the Chapter 11 Case.

19. A copy of the First Amended Plan, along with a notice of hearing and applicable ballot, was also mailed to Alexander, the Department of Permitting and Planning for the City and County of Honolulu, Bow Engineering and Greg Heidler.

*See* dkt. # 67.

20. On August 12, 2024, the Debtor filed a ballot tabulation. *See* dkt. # 69.

21. On August 26, 2024, Alexander filed an objection to the First Amended Plan (the "Alexander Objection #2"). *See* dkt. # 70.

22. On September 3, 2024, the Debtor filed a *Confirmation Brief for [First Amended Plan]*, and Declaration of Reuben Fung in support of confirmation of the First Amended Plan. *See* dkt. # 72, 73.

23. On September 9, 2024, the Court continued the confirmation hearing to September 16, 2024. *See* dkt. # 74.

24. On September 16, 2024, the Debtor announced the terms of a settlement between the Debtor and Alexander, and the Court continued the confirmation hearing to October 4, 2024. *See* dkt. #77.

25. The Debtor filed its *Second Modified Combined Plan of Reorganization and Disclosure Statement for Debtor's Plan of Reorganization Dated February 29, 2024* (the "Plan"), along with a redline of the Plan compared to the First Amended Plan, both of which were served by email through the Court's ECF noticing system on counsel for Alexander, the United States Trustee, and all parties-in-interest that filed an appearance of record in the Chapter 11 Case.

26. Adequate and sufficient notice of the modifications to the Original

U.S. Bankruptcy Court - Hawaii  #23-00842  Dkt # 84  Filed  10/09/24  Page 7 of 22

Plan have been given, and no other further notice, or re-solicitation of votes on the Original Plan is required. None of the modifications incorporated in the (confirmed) Plan adversely affects the treatment of any Claim or Equity Interest thereunder. The filing with the Court of the Plan constitutes due and sufficient notice thereof.

27.    All modifications to the Original Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code Sections 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code Section 1126, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The modifications do not adversely change the treatment for the accepting Classes. Therefore, additional notice under Bankruptcy Rule 3019(a) is not required.

### Objections Resolved or Overruled

28.    The Debtor has the burden of proving the elements of Section 1129 of the Bankruptcy Code by a preponderance of evidence, and have done so as set forth herein.

29.    To the extent not resolved or withdrawn, all Plan Objections are overruled in all respects.

- 8 -

## Bankruptcy Code Requirements for Confirmation

30.     In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates three (3) Classes of Claims and one (1) Class of Equity Interests.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

31.     The Plan designates that Classes 1, 2 and 3, are impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

32.     Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 1, 2 and 3.  Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

33.     As set forth in the Ballot Tabulation, Classes 1 and 3 voted to reject the Plan, pursuant to section 1126(c) of the Bankruptcy Code. No votes were received for Class 2.  Pursuant to the Alexander Stipulation, Class 1 subsequently changed its vote to accept the Plan.

U.S. Bankruptcy Court - Hawaii   #23-00842   Dkt # 84   Filed  10/09/24   Page 9 of 22

34.     The Plan specifies that Class 4 is not impaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code.  Said Class is deemed to have accepted the Plan because they are not impaired under the Plan.

## Treatment of Claims

35.     The holder of the Allowed Secured Amos Alexander (Class 1) will receive at least as much as it would receive in a case under chapter 7 with respect to those Claims.  If the assets of the Debtor were liquidated outright, Class 1 would be paid in full.  The Treatment of Class 1 is fair and equitable and does not unfairly discriminate against said Class.

36.     The holder of the Allowed City & County Claim (Class 2) will receive at least as much as they would receive in a case under chapter 7 with respect to those Claims.  The Treatment of Class 2 is fair and equitable and does not unfairly discriminate against said Classes.

37.     The holders of the Allowed General Unsecured Claims (Class 3) will receive at least as much as they would receive in a case under chapter 7 with respect to those Claims because if the assets of the Debtor were liquidated out right, said Class would not receive a distribution.  Under the Plan, Class 3 creditors will be paid in full; provided, however that, if the Available General Unsecured Proceeds are not sufficient to pay the holders of Allowed Claims in Class 3 in accordance with the Plan, the holders of Allowed Claims in said Class shall receive

U.S. Bankruptcy Court - Hawaii   #23-00842   Dkt # 84   Filed  10/09/24   Page 10 of 22

a Pro Rata Share of the Available General Unsecured Proceeds.  The Treatment of Class 3 is fair and equitable and does not unfairly discriminate against said Class.

**Equity Interests**

38.     Allowed Equity Interest in Class 4 will retain its equity interest under the Plan.

39.     The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

**Means of Implementation**

40.     The Plan provides adequate and proper means for the Plan's implementation through proceeds from the sale of the Parcels 3 through 8.

41.     The Debtor has exercised sound and considered business judgment in the formulation of the Plan.  The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code section 363(b).

42.     All fees payable under Section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Section 1129(a)(12).

43.     Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

U.S. Bankruptcy Court - Hawaii   #23-00842   Dkt # 84   Filed  10/09/24   Page 11 of 22

44.     This proceeding is a core proceeding pursuant to 28 U.S.C. §
157(b)(2).

45.     This Court has jurisdiction over this Chapter 11 Case, pursuant to
Sections 157 and 1334 of title 28 of the United States Code.  Venue is proper
pursuant to Sections 1408 and 1409 of title 28 of the United States Code.
Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §
157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the
Plan complies with the applicable provisions of the Bankruptcy Code and should
be confirmed and has exclusive jurisdiction over all of the Debtors' assets.

## Compliance With Section 1129(a)(1)

46.     The Plan complies with the applicable provisions of the Bankruptcy
Code, thereby satisfying Section 1129(a) of the Bankruptcy Code.

(a)     The Plan properly places substantially similar claims in each
class and designated such classes of claims, thereby satisfying Sections 1122 and
1123(a)(1) of the Bankruptcy Code;

(b)     The Plan specifies the treatment of each Class that is not
impaired, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code;

(c)     The Plan specifies the treatment of each Class that is impaired,
thereby satisfying Section 1123(a)(3) of the Bankruptcy Code;

- 12 -

(d)     The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code;

(e)     The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code;

(f)     Sections 1123(a)(6) and 1123(a)(8) do not apply to the Debtor or the Plan;

(g)     The Debtor has disclosed the identity of the Manager of the Reorganized Debtor, consistent with the interests of creditors, equity holders, and public policy in accordance with section 1123(a)(7);

(h)     The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i)     The Plan is dated and identifies the Debtor submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

## Compliance With Section 1129(a)(2)

47.     The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

U.S. Bankruptcy Court - Hawaii   #23-00842   Dkt # 84   Filed  10/09/24   Page 13 of 22

(a)     The Debtor is a proper debtor under Section 109 of the Bankruptcy Code;

(b)     The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(c)     The Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

## Compliance With Section 1129(a)(3)

48.     The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this case, the Plan, and the record of the Confirmation Hearing and other proceedings held in this case.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate.

49.     The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge.  Moreover, the Plan provides a mechanism for parties in this case to seek relief from the injunctions.

U.S. Bankruptcy Court - Hawaii   #23-00842   Dkt # 84   Filed  10/09/24   Page 14 of 22

## Compliance With Section 1129(a)(4)

50.     Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

## Compliance With Section 1129(a)(5)

51.     The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code.  The identity of the individual who will serve as the Manager of the Reorganized Debtor as of the Effective Date has been fully disclosed.  The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy.  The identity of any insider that will be employed or retained by the Reorganized Debtor after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

## Compliance With Section 1129(a)(6)

52.     Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtor.

## Compliance With Section 1129(a)(7)

53. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Plan (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

## Compliance With Section 1129(a)(8)

54. Class 1 is impaired and has voted to accept the Plan in accordance with section 1126(d) of the Bankruptcy Code. Class 4 is conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. However, because Class 3 has voted to reject the Plan, the Plan dos not satisfy Section 1129(a)(8).

## Compliance With Section 1129(a)(9)

55. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

## Compliance With Section 1129(a)(10)

56. At least one Class of Claims against the Debtor that is impaired under

- 16 -

the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code. Class 1 satisfies this requirement.

## Compliance With Section 1129(a)(11)

57.     The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of this Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code.

58.     In order to satisfy Bankruptcy Code section 1129(a)(11), the Plan Proponent need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the plan proponent need only show that the Plan offers a reasonable assurance of success. The Plan has the requisite level of likelihood of success.

## Compliance With Section 1129(a)(12)

59.     All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

- 17 -

## Compliance With Section 1129(a)(13)

60.     Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtor does not have any such obligation.

## Section 1129(b)

61.     Even though the Plan does not satisfy Section 1129(a)(8), the Plan can be crammed down over the dissenting Class 3.  Based upon the evidence proffered, adduced, or presented by the Debtor and prior to and at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to each Rejecting Class, as required by section 1129(b)(1) of the Bankruptcy Code. Pursuant to Bankruptcy Code section 1129(b)(2)(B)(ii), no holders of Claims or Interests that are junior to those of Holders of Allowed Class 3 will receive or retain any distribution on account of junior interests under the Plan.  In addition, the Plan does not provide for payment of more than the full amount of their respective Allowed Claims to any senior Class.

62.     Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of each Rejecting Class.

## Other Matters

63.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.  No

- 18 -

governmental agency with standing to raise an objection pursuant to Bankruptcy Code Section 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

64. All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code sections 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code section 1126, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

65. Based on the record before the Bankruptcy Court in this Chapter 11 Case, the Debtor and its officers, members, agents, representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

66.     The release, injunction, and exculpation provisions (as modified in the Plan Confirmation Order) contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Estate.

67.     The information contained in the Plan and in Exhibit 1 thereto contains adequate information and that no separate disclosure statement is required under Section 1125(f)(1) of the Bankruptcy Code.

68.     Each term and provision of the Plan is valid and enforceable pursuant to its terms.

69.     The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

70.     The Court may properly retain jurisdiction over the matters set forth in the Plan and Bankruptcy Code Section 1142 of the Bankruptcy Code.  It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

71. In accordance with Section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim. The compromise and settlement of such Claims embodied in the Plan are in the best interests of the Debtor, the Estate, and all Holders of Claims, and are fair, equitable, and reasonable.

72. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

73. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Approved as to form:


/s/ Brett R. Tobin_____
Brett R. Tobin, Esq.
Counsel for Amos Alexander

/s/ Neil J. Verbrugge_____
Neil J. Verbrugge, Esq.
Counsel for Office of U.S. Trustee

U.S. Bankruptcy Court - Hawaii   #23-00842   Dkt # 84   Filed  10/09/24   Page 21 of 22

Submitted by:

CHOI & ITO
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email:  cchoi@hibklaw.com;
aito@hibklaw.com
Counsel for Debtor and
Debtor-in-Possession